**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH K. HENDRIX, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-08-605-M |
| | ) |
| WALLACE COFFEY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On June 11, 2008, plaintiffs filed a Complaint, and on June 23, 2008, filed an Amended Complaint accompanied by a motion for temporary restraining order [docket no. 14]. On June 24, 2008, defendants filed their response to plaintiffs' motion for temporary restraining order. The Court held a hearing on June 25, 2008, to take testimony and receive exhibits related to plaintiffs' request for injunctive relief.[1] Defendants filed a motion to dismiss [docket no. 24] on June 30, 2008. Plaintiffs filed their "Answer to Defendants Opposition to TRO" on July 7, 2008.[2] Based upon the parties' submissions, the Court makes its determination.

I.   Background

This action represents an internal dispute over tribal membership matters governed by the

---

[1] During the Court's June 25, 2008 hearing concerning plaintiffs' motion for a temporary restraining order, the Court directed defendants to file a brief concerning the Court's subject matter jurisdiction to hear the matter by June 30, 2008, and further directed plaintiffs to respond to defendants' submission by July 7, 2008.

[2] In their answer, plaintiffs indicated their intent to separately respond to defendants' motion to dismiss. In light of the Court's directives at the hearing, the Court reviews plaintiffs' submission as responsive in substance to defendants' motion to dismiss, although this submission is styled imprecisely.

Comanche Business Committee ("CBC").[3,4] Plaintiffs Deborah Hendrix, Angie Revell and Philip Hendrix III allege that on April 17, 2008, they were improperly disenrolled as tribal members from the Comanche Nation. The remaining plaintiff, Phyllis Attocknie, also a member of the Comanche Nation, seeks relief related to and/or in sympathy with the claim of the other three plaintiffs, although no adverse action was proposed or taken regarding her tribal membership.

According to plaintiffs, the disenrollment is a conspiracy scheme initially conceived by members of the CBC in response to plaintiff Deborah Hendrix's efforts to gather information concerning the mismanagement of tribal programs and funds. As part of this effort, plaintiff Angie Wells collected signatures to a petition to recall CBC Committeeman Lanny Asepermy. Despite having collected enough signatures, defendants allegedly failed to carry out the recall process as required by tribal law. Instead, defendants allegedly issued an inflammatory full page advertisement in a local newspaper declaring the recall petition fraudulent and implied that federal criminal actions were being taken against one or more plaintiffs. Furthermore, the tribal officials allegedly revoked recognition of plaintiffs' Comanche Nation membership resulting in the denial of plaintiffs' rights to investigate tribal government mismanagement, run or vote in the recently completed tribal election process and receive tribal benefits. In addition, plaintiffs claim dissatisfaction with the

---

[3]The Comanche Business Committee is an elected body politic which conducts official government business on behalf of the Comanche Nation. The Comanche Nation is a federally recognized Indian tribe and has its governmental headquarters in Comanche County, Oklahoma. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 73 Fed. Reg. 18,553 (April 4, 2008).

[4]Five of the defendants named in this suit are members of the Comanche Business Committee as follows: Wallace Coffey, Ronald RedElk, Eddie Mahseet, Lanny Asepermy, and Janice Bigbee. Furthermore, Donna Wahnee, Tribal Enrollment Director, Kirke Kickingbird, legal counsel, and Hobbs Straus Dean & Walker L.L.P., law firm, were also named as defendants in the Amended Complaint.

tribal process provided them because they were not permitted to submit contrary evidence prior to the CBC's action.   Plaintiffs commenced this action alleging, *inter alia*, violations of the Indian Civil Rights Act ("ICRA") and their due process and equal protection rights. Defendants now move to dismiss the instant claims for lack of subject matter jurisdiction.

II.   Standard of Review

Defendants move to dismiss all of plaintiffs claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts...." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (internal citation omitted).

The Court must construe plaintiffs' allegations liberally because they are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (internal citation omitted). However, the Court cannot be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

III.   Discussion

Defendants assert that to the extent that plaintiffs brings claims concerning tribal

3

membership, such claims must be dismissed. Federal law recognizes that Indian tribes have the right to make their own rules and be governed by them. *See Williams v. Lee*, 358 U.S. 217, 220 (1958). This includes the right to determine membership in the tribe. A "tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community." *See, e.g., Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978). Furthermore, "Indian tribes are separate sovereigns with the power to regulate their internal and social relations, including their form of government and tribal membership." *Fletcher v. United States*, 116 F.3d 1315, 1326-27 (10th Cir. 1997). "[C]ourts have consistently recognized that in absence of express legislation by Congress to the contrary, a tribe has the complete authority to determine all questions of its own membership, as a political entity." *Martinez v. S. Ute Tribe of S. Ute Reservation*, 249 F.2d 915, 920 (10th Cir. 1957) (affirming dismissal of the tribal membership action for lack of federal question jurisdiction). In agreeing with the Tenth Circuit's conclusion in *Martinez*, the Ninth Circuit also found "that a dispute involving membership in a tribe does not present a federal question." *Fondahn v. Native Village of Tyonek*, 450 F.2d 520, 522 (9th Cir. 1971). The Eighth Circuit also cited and affirmed as follows:

> The great weight of authority holds that tribes have exclusive authority to determine membership issues. A sovereign tribe's ability to determine its own membership lies at the very core of tribal self-determination; indeed, there is perhaps no greater intrusion upon tribal sovereignty than for a federal court to interfere with a sovereign tribe's membership determinations.

*Smith v. Babbitt*, 100 F.3d 556, 559 (8th Cir. 1996).

In this case, plaintiffs assert that this Court has jurisdiction because civil rights violations have been sustained by plaintiffs. Having reviewed the parties' submissions, the Court finds that it lacks subject matter jurisdiction over this case. Specifically, the Court finds that this dispute

4

centers around tribal membership, a matter outside the purview of this Court to review.  In light of the authorities, the Court concludes that Congress manifested a broad respect for tribal sovereignty, particularly in matters affecting only Indians.  Plaintiffs have failed to identify a sufficient basis or exception for subject matter jurisdiction, therefore, the Court finds that it is bound to respect tribal autonomy and does not have subject matter jurisdiction over this matter.

Furthermore, to the extent that plaintiffs bring claims pursuant to the ICRA, the Court similarly lacks the authority to hear the case.  The ICRA does not create a federal cause of action either in its own right or in conjunction with other federal law.  *See Santa Clara Pueblo*, 436 U.S. at 52; *accord Ordinance 59 Ass'n v. U.S. Dept. Of Interior Sec'y*, 163 F.3d 1150, 1155 (10th Cir. 1998).  Absent the exception of the habeas corpus petition, the ICRA does not authorize federal civil actions against either a tribe or its officers.  *Santa Clara Pueblo*, 436 U.S. at 59, 72.  The Supreme Court observed that "the structure of the statutory scheme and the legislative history of [25 U.S.C. § 1302] suggest that Congress' failure to provide remedies other than habeas corpus was a deliberate one."  *Id*. at 61.  "Creation of a federal cause of action for the enforcement of rights created in Title I, however useful it might be in securing compliance with § 1302, plainly would be at odds with the congressional goal of protecting tribal self-government."  *Id*. at 64.

Having reviewed the parties' submissions, the Court finds that plaintiffs may not challenge the alleged ICRA violations in this Court.  The Court further find plaintiffs' due process and equal protection claims concerning tribal membership eligibility, election participation, and petitioning privileges fail because there is no federal forum created by the ICRA.  Because this dispute is an internal one, the Court does not have subject matter jurisdiction.

IV.     Conclusion

For the foregoing reasons, defendants' motion to dismiss is GRANTED, and this action is hereby DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 10th day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE